# U.S. District Court [LIVE AREA]
## Middle District of Georgia (Valdosta)
## CRIMINAL DOCKET FOR CASE #: 7:98-cr-00004-HL-ALL
### Internal Use Only

Case title: USA v. Bell

Date Filed: 03/26/1998

Assigned to: Judge Hugh Lawson

## Defendant

**Jeffery Alen Bell** (1)
*TERMINATED: 09/20/1999*

represented by **Jeffery Alen Bell**
Reg. No. 87115-020
PO Box 5000
FCI Yazoo
Yazoo, MS 39194
PRO SE

**Jason K. Hoffman**
218 North Central Ave.
Tifton, GA 31794
229-387-0721
*TERMINATED: 09/20/1999*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 21:841(a)(1) & 18:2 NARCOTICS - SELL, DISTRIBUTE, OR DISPENSE - Possession w/intent to distribute a SCH II CRTRL NARCOTIC, cocaine base (1) | IMPRISONMENT 78 months, followed by 5 years supvervised release. MAF $100.00. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

A true and certified copy,
This_____10/17_____,2005
GREGORY J. LEONARD, CLERK
U. S. Dist. Court, MD Ga
By:_____
DEP**Disposition**

**Complaints**

None

**Plaintiff**

**USA**                              represented by   **Richard S. Moultrie, Jr.**
                                                      P.O. Box 1702
                                                      Macon, GA 31202
                                                      478-752-3511
                                                      Fax: 478-621-2655
                                                      Email: richard.moultrie@usdoj.gov
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/26/1998 | 1 | INDICTMENT as to Jeffery Alen Bell (1) count(s) 1 (cal) (Entered: 04/09/1998) |
| 03/26/1998 | | **Added Government Attorney Richard S. Moultrie Jr. (cal) (Entered: 04/09/1998) |
| 03/30/1998 | | Arrest WARRANT issued as to Jeffery Alen Bell (cal) (Entered: 04/09/1998) |
| 04/01/1998 | | ARREST of Jeffery Alen Bell (cal) (Entered: 04/09/1998) |
| 04/02/1998 | | Arrest WARRANT Returned Executed as to Jeffery Alen Bell on 4/1/98 (cal) (Entered: 04/09/1998) |
| 04/03/1998 | | Initial appearance hearing as to Jeffery Alen Bell held (Defendant informed of rights.) (cal) (Entered: 04/09/1998) |
| 04/03/1998 | | Bond hearing as to Jeffery Alen Bell held (cal) (Entered: 04/09/1998) |
| 04/03/1998 | 2 | Minute sheet as to Jeffery Alen Bell: Initial Appearance, Bond Hrg. held before Mag Judge Hodge in Albany, GA. Bond set at $40,000 Secured, may post 10% cash. Travel restricted to St of AL & MD/GA; bond supervision. (cal) (Entered: 04/09/1998) |
| 04/03/1998 | 3 | ORDER Setting Conditions of Release as to Jeffery Alen Bell Bond set to $40,000 SECURED, may post 10% cash. ( Signed by Mag. Judge Richard L. Hodge ) (cal) (Entered: 04/09/1998) |
| 04/07/1998 | | CJA 20 as to Jeffery Alen Bell : Appointment of Attorney Jason K. Hoffman, Voucher #1033194 ( Signed by Judge Hugh Lawson) (cal) Modified on 04/10/1998 (Entered: 04/09/1998) |
| 04/14/1998 | | Arraignment as to Jeffery Alen Bell held - Defendant waived formal reading of indictment and entered plea of NOT GUILTY in writing. (cal) (Entered: 04/21/1998) |
| 04/14/1998 | 4 | PLEA entered by Jeffery Alen Bell (1). Court accepts plea. Not Guilty: |

| | | count(s) 1 (cal) (Entered: 04/21/1998) |
|---|---|---|
| 04/14/1998 | 5 | NOTICE of Estimated Sentencing Guidelines as to Jeffery Alen Bell, 135 to 168 months (cal) (Entered: 04/21/1998) |
| 04/14/1998 | 6 | Minute sheet as to Jeffery Alen Bell: Arraignment Hrg. held before Mag Judge Hodge in Albany, GA. Standard Pretrial Order to be entered by court. (cal) (Entered: 04/21/1998) |
| 04/14/1998 | 7 | STANDARD PRETRIAL ORDER as to Jeffery Alen Bell ( Signed by Mag. Judge Richard L. Hodge ) (cal) (Entered: 04/21/1998) |
| 04/17/1998 | 8 | MOTION by Jeffery Alen Bell for Production of Evidence Favorable to Defendant Response to motion deadline set for 5/11/98 for USA (cal) (Entered: 04/21/1998) |
| 04/17/1998 | 9 | MOTION by Jeffery Alen Bell for 404(b) Material re Prior Bad Acts Response to motion deadline set for 5/11/98 for USA (cal) (Entered: 04/21/1998) |
| 04/17/1998 | 10 | MOTION with Memorandum in Support by Jeffery Alen Bell for Disclosure of Impeaching Information Response to motion deadline set for 5/11/98 for USA (cal) (Entered: 04/21/1998) |
| 04/17/1998 | 11 | MOTION by Jeffery Alen Bell for Discovery of Defendant's Statements Response to motion deadline set for 5/11/98 for USA (cal) (Entered: 04/21/1998) |
| 04/17/1998 | 12 | MOTION by Jeffery Alen Bell for Disclosure of Electronic Surveillance Response to motion deadline set for 5/11/98 for USA (cal) (Entered: 04/21/1998) |
| 04/17/1998 | 13 | MOTION with Memorandum in Support by Jeffery Alen Bell for Discovery and Inspection Response to motion deadline set for 5/11/98 for USA (cal) (Entered: 04/21/1998) |
| 04/17/1998 | 14 | MOTION by Jeffery Alen Bell Reserving the Right to File Additional Motions Response to motion deadline set for 5/11/98 for USA (cal) (Entered: 04/21/1998) |
| 04/17/1998 | 15 | MOTION with Memorandum in Support by Jeffery Alen Bell for Disclosure of Grand Jury Proceedings Response to motion deadline set for 5/11/98 for USA (cal) (Entered: 04/21/1998) |
| 04/17/1998 | 16 | MOTION by Jeffery Alen Bell for Release of Polygraph Results of Government Witnesses/Informants or Others and/or For Independent Polygraph by Defendant Response to motion deadline set for 5/11/98 for USA (cal) (Entered: 04/21/1998) |
| 04/17/1998 | 17 | MOTION with Memorandum in Support by Jeffery Alen Bell for Specific Voir Dire Questions to the jury panel Response to motion deadline set for 5/11/98 for USA (cal) (Entered: 04/21/1998) |
| 04/17/1998 | 18 | MOTION by Jeffery Alen Bell to Suppress Response to motion deadline set for 5/11/98 for USA (cal) (Entered: 04/21/1998) |

| 04/17/1998 | 19 | MOTION by Jeffery Alen Bell to Suppress all Evidence Illegally Seized by Law Enforcement Agents Response to motion deadline set for 5/11/98 for USA (cal) Modified on 04/21/1998 (Entered: 04/21/1998) |
| --- | --- | --- |
| 04/17/1998 | 20 | MOTION by Jeffery Alen Bell to Inspect, Examine, and Test Physical Evidence Response to motion deadline set for 5/11/98 for USA (cal) Modified on 04/21/1998 (Entered: 04/21/1998) |
| 04/17/1998 | 21 | MOTION by Jeffery Alen Bell for Discovery and Disclosure of Informants Response to motion deadline set for 5/11/98 for USA (cal) (Entered: 04/21/1998) |
| 04/17/1998 | 22 | CERTIFICATE OF SERVICE by Jeffery Alen Bell Service Re: [21-1] motion for Discovery and Disclosure of Informants, [20-1] motion to Inspect, Examine, and Test Physical Evidence, [19-1] motion to Suppress all Evidence Illegally Seized by Law Enforcement Agents, [18-1] motion to Suppress, [17-1] motion for Specific Voir Dire Questions to the jury panel, [16-1] motion for Release of Polygraph Results of Government Witnesses/Informants or Others and/or For Independent Polygraph by Defendant, [15-1] motion for Disclosure of Grand Jury Proceedings, [14-1] motion Reserving the Right to File Additional Motions, [13-1] motion for Discovery and Inspection, [12-1] motion for Disclosure of Electronic Surveillance, [11-1] motion for Discovery of Defendant's Statements, [10-1] motion for Disclosure of Impeaching Information, [9-1] motion for 404(b) Material re Prior Bad Acts, [8-1] motion for Production of Evidence Favorable to Defendant (cal) (Entered: 04/21/1998) |
| 04/21/1998 | | **Certificate of Service (cal) (Entered: 04/21/1998) |
| 04/23/1998 | 23 | RESPONSE by USA as to Jeffery Alen Bell re [21-1] motion for Discovery and Disclosure of Informants, [20-1] motion to Inspect, Examine, and Test Physical Evidence, [17-1] motion for Specific Voir Dire Questions to the jury panel, [16-1] motion for Release of Polygraph Results of Government Witnesses/Informants or Others and/or For Independent Polygraph by Defendant, [15-1] motion for Disclosure of Grand Jury Proceedings, [14-1] motion Reserving the Right to File Additional Motions, [13-1] motion for Discovery and Inspection, [12-1] motion for Disclosure of Electronic Surveillance, [11-1] motion for Discovery of Defendant's Statements, [10-1] motion for Disclosure of Impeaching Information, [9-1] motion for 404(b) Material re Prior Bad Acts, [8-1] motion for Production of Evidence Favorable to Defendant (cal) (Entered: 04/23/1998) |
| 04/23/1998 | | Motion(s) referred to Mag. Judge Richard L. Hodge as to Jeffery Alen Bell : [21-1] motion for Discovery and Disclosure of Informants, [20-1] motion to Inspect, Examine, and Test Physical Evidence, [17-1] motion for Specific Voir Dire Questions to the jury panel, [16-1] motion for Release of Polygraph Results of Government Witnesses/Informants or Others and/or For Independent Polygraph by Defendant, [15-1] motion for Disclosure of Grand Jury Proceedings, [14-1] motion Reserving the Right to File Additional Motions, [13-1] motion for Discovery and |

| | | Inspection, [12-1] motion for Disclosure of Electronic Surveillance, [11-1] motion for Discovery of Defendant's Statements, [10-1] motion for Disclosure of Impeaching Information, [9-1] motion for 404(b) Material re Prior Bad Acts, [8-1] motion for Production of Evidence Favorable to Defendant (cal) (Entered: 04/23/1998) |
|---|---|---|
| 04/30/1998 | 24 | RESPONSE by USA as to Jeffery Alen Bell re [21-1] motion for Discovery and Disclosure of Informants, [20-1] motion to Inspect, Examine, and Test Physical Evidence, [17-1] motion for Specific Voir Dire Questions to the jury panel, [16-1] motion for Release of Polygraph Results of Government Witnesses/Informants or Others and/or For Independent Polygraph by Defendant, [15-1] motion for Disclosure of Grand Jury Proceedings, [14-1] motion Reserving the Right to File Additional Motions, [13-1] motion for Discovery and Inspection, [12-1] motion for Disclosure of Electronic Surveillance, [11-1] motion for Discovery of Defendant's Statements, [10-1] motion for Disclosure of Impeaching Information, [9-1] motion for 404(b) Material re Prior Bad Acts, [8-1] motion for Production of Evidence Favorable to Defendant (cal) (Entered: 05/04/1998) |
| 05/04/1998 | | Motion(s) referred to Mag. Judge Richard L. Hodge as to Jeffery Alen Bell : [21-1] motion for Discovery and Disclosure of Informants, [20-1] motion to Inspect, Examine, and Test Physical Evidence, [17-1] motion for Specific Voir Dire Questions to the jury panel, [16-1] motion for Release of Polygraph Results of Government Witnesses/Informants or Others and/or For Independent Polygraph by Defendant, [15-1] motion for Disclosure of Grand Jury Proceedings, [14-1] motion Reserving the Right to File Additional Motions, [13-1] motion for Discovery and Inspection, [12-1] motion for Disclosure of Electronic Surveillance, [11-1] motion for Discovery of Defendant's Statements, [10-1] motion for Disclosure of Impeaching Information, [9-1] motion for 404(b) Material re Prior Bad Acts, [8-1] motion for Production of Evidence Favorable to Defendant (cal) (Entered: 05/04/1998) |
| 05/04/1998 | 25 | ORDER denying [15-1] motion for Disclosure of Grand Jury Proceedings as to Jeffery Alen Bell (1) ( Signed by Mag. Judge Richard L. Hodge ) (cal) (Entered: 05/04/1998) |
| 05/04/1998 | | **Certificate of Service (cal) (Entered: 05/04/1998) |
| 05/04/1998 | 26 | ORDER denying [21-1] motion for Discovery and Disclosure of Informants as to Jeffery Alen Bell (1) ( Signed by Mag. Judge Richard L. Hodge ) (cal) (Entered: 05/04/1998) |
| 05/04/1998 | | **Certificate of Service (cal) (Entered: 05/04/1998) |
| 05/04/1998 | 27 | ORDER granting [20-1] motion to Inspect, Examine, and Test Physical Evidence as to Jeffery Alen Bell (1) ( Signed by Mag. Judge Richard L. Hodge ) (cal) (Entered: 05/04/1998) |
| 05/04/1998 | | **Certificate of Service (cal) (Entered: 05/04/1998) |
| 05/04/1998 | 28 | ORDER mooting [16-1] motion for Release of Polygraph Results of |

| | | Government Witnesses/Informants or Others and/or For Independent Polygraph by Defendant as to Jeffery Alen Bell (1), without prejudice to the defendant's right to refile this motion should he learn of the existence of future polygraph results relative to this indictment. ( Signed by Mag. Judge Richard L. Hodge ) (cal) (Entered: 05/04/1998) |
|---|---|---|
| 05/04/1998 | | **Certificate of Service (cal) (Entered: 05/04/1998) |
| 05/04/1998 | | *Terminated document(s) as to Jeffery Alen Bell : terminating [17-1] motion for Specific Voir Dire Questions to the jury panel as to Jeffery Alen Bell (1), terminating [14-1] motion Reserving the Right to File Additional Motions as to Jeffery Alen Bell (1), terminating [13-1] motion for Discovery and Inspection as to Jeffery Alen Bell (1), terminating [12-1] motion for Disclosure of Electronic Surveillance as to Jeffery Alen Bell (1), terminating [11-1] motion for Discovery of Defendant's Statements as to Jeffery Alen Bell (1), terminating [10-1] motion for Disclosure of Impeaching Information as to Jeffery Alen Bell (1), terminating [9-1] motion for 404(b) Material re Prior Bad Acts as to Jeffery Alen Bell (1), terminating [8-1] motion for Production of Evidence Favorable to Defendant as to Jeffery Alen Bell (1) (cal) (Entered: 05/04/1998) |
| 06/04/1998 | 29 | ORDER as to Jeffery Alen Bell, Reducing Bond. Bond reset to $25,000 SECURED, may post 10% cash. ( Signed by Mag. Judge Richard L. Hodge ) (cal) (Entered: 06/09/1998) |
| 06/09/1998 | | **Certificate of Service (cal) (Entered: 06/09/1998) |
| 06/18/1998 | 30 | RESPONSE by USA as to Jeffery Alen Bell re [19-1] motion to Suppress all Evidence Illegally Seized by Law Enforcement Agents (cal) (Entered: 06/19/1998) |
| 06/18/1998 | 31 | RESPONSE by USA as to Jeffery Alen Bell re [18-1] motion to Suppress (cal) (Entered: 06/19/1998) |
| 06/19/1998 | | Motion submission to Judge Lawson as to Jeffery Alen Bell : submitted [19-1] motion to Suppress all Evidence Illegally Seized by Law Enforcement Agents as to Jeffery Alen Bell (1), submitted [18-1] motion to Suppress as to Jeffery Alen Bell (1) (cal) (Entered: 06/19/1998) |
| 06/19/1998 | 32 | Secured BOND entered by Jeffery Alen Bell in Amount $ 25,000, $2,500.00, Receipt # 17485, posted by Stacy Robinson (cal) (Entered: 06/23/1998) |
| 10/02/1998 | 33 | MOTION by Jeffery Alen Bell to Continue Trial in the Interests of Justice (cal) (Entered: 10/05/1998) |
| 10/05/1998 | | Motion submission to Judge Lawson as to Jeffery Alen Bell : submitted [33-1] motion to Continue Trial in the Interests of Justice as to Jeffery Alen Bell (1) (cal) (Entered: 10/05/1998) |
| 10/06/1998 | 34 | ORDER as to Jeffery Alen Bell granting [33-1] motion to Continue Trial in the Interests of Justice Time Excluded from 10/2/98 to 5/31/99 as to Jeffery Alen Bell (1) ( Signed by Judge Hugh Lawson ) (cal) (Entered: |

| | | 10/06/1998) |
|---|---|---|
| 10/21/1998 | | **Terminated document(s) as to Jeffery Alen Bell : terminating [19-1] motion to Suppress all Evidence Illegally Seized by Law Enforcement Agents as to Jeffery Alen Bell (1), terminating [18-1] motion to Suppress as to Jeffery Alen Bell (1) (np) (Entered: 10/21/1998) |
| 05/03/1999 | | Change of Plea Hearing as to Jeffery Alen Bell held (cal) (Entered: 05/04/1999) |
| 05/03/1999 | 35 | Plea Agreement as to Jeffery Alen Bell (cal) (Entered: 05/04/1999) |
| 05/03/1999 | 36 | PLEA entered by Jeffery Alen Bell (1). Court accepts plea. Guilty: count(s) 1 (cal) (Entered: 05/04/1999) |
| 05/03/1999 | 37 | FINDINGS OF FACT on Guilty Plea as to Jeffery Alen Bell ( signed by Judge Hugh Lawson ) (cal) (Entered: 05/04/1999) |
| 05/03/1999 | 38 | Minute sheet as to Jeffery Alen Bell: Case came upon calendar for Pretrial Conference. Change of Plea Hrg. held before Judge Lawson in Macon, GA. Defendant pled guilty to Ct. 1 of Indictment. Court Reporter: Frances Roquemore (cal) (Entered: 05/04/1999) |
| 06/09/1999 | 39 | MOTION by USA as to Jeffery Alen Bell for relief i/a/w 5k (cal) (Entered: 06/10/1999) |
| 06/10/1999 | | Motion submission to Judge Lawson as to Jeffery Alen Bell : submitted [39-1] motion for relief i/a/w 5k as to Jeffery Alen Bell (1) (cal) (Entered: 06/10/1999) |
| 09/09/1999 | | Sentencing held Jeffery Alen Bell (1) count(s) 1 (Ct. Reporter: Frances Roquemore) (cal) (Entered: 09/13/1999) |
| 09/09/1999 | 40 | Appeal Information Package as to Jeffery Alen Bell . Information hand delivered to defendant at sentencing. (cal) (Entered: 09/13/1999) |
| 09/09/1999 | 41 | ORDER TO SURRENDER to FCI Yazoo City, MS by 2:00 p.m. on November 1, 1999, and requiring the posting of a cash bond as to Jeffery Alen Bell . Bond entered - $ 250.00, posted by Ms. Stacey Robinson. Deadline to check for refund of bond amount set for 12/8/99 for Jeffery Alen Bell . ( Signed by Judge Hugh Lawson ) (cal) Modified on 10/07/1999 (Entered: 09/13/1999) |
| 09/09/1999 | | **Terminated document(s) as to Jeffery Alen Bell : terminating [39-1] motion for relief i/a/w 5k as to Jeffery Alen Bell (1) (cal) (Entered: 09/13/1999) |
| 09/20/1999 | 42 | JUDGMENT as to Jeffery Alen Bell (1) On count(s) 1, IMPRISONMENT 78 months, followed by 5 years supvervised release. MAF $100.00. Special Conditions of Supervised Release: You shall participate in a program approved by the U.S. Probation Office for substance abuse testing, and if necessary, treatment of alcohol/drug addiction or dependency. ( Signed by Judge Hugh Lawson ) (cal) (Entered: 09/20/1999) |
| | | |

| 09/20/1999 | 43 | (Pro-Se) NOTICE OF APPEAL by Jeffery Alen Bell (1) count(s) 1 Filing Fee $ CJA Attorney Transcript Information Form due 10/6/99 for Jeffery Alen Bell (cal) (Entered: 09/20/1999) |
| 09/20/1999 | | **Certificate of Service (cal) (Entered: 09/20/1999) |
| 09/20/1999 | | **Certificate of Service (cal) (Entered: 09/20/1999) |
| 09/20/1999 | | Notice of appeal and certified copy of docket as to Jeffery Alen Bell to USCA: [43-1] appeal (cal) (Entered: 09/20/1999) |
| 09/23/1999 | | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Jeffery Alen Bell (cal) (Entered: 09/23/1999) |
| 09/29/1999 | 44 | NOTICE OF APPEAL by Jeffery Alen Bell (1) count(s) 1 Filing Fee $ CJA Attorney Transcript Information Form due 10/15/99 for Jeffery Alen Bell (cal) (Entered: 10/04/1999) |
| 09/29/1999 | 45 | Transcript Information Form filed by Jeffery Alen Bell in re: [44-1] appeal, [43-1] appeal Transcript(s) ordered. Acknowledgment due from Court Reporter on 10/12/99 (cal) (Entered: 10/04/1999) |
| 10/01/1999 | | USCA Case Number as to Jeffery Alen Bell Re: [43-1] appeal USCA NUMBER: 99-13559-C (cal) (Entered: 10/01/1999) |
| 10/18/1999 | 46 | Transcript Order Acknowledgment filed in re: [44-1] appeal by Jeffery Alen Bell . Pmt arrangements made/order received on 10/1/99. Transcript due 11/1/99. Court Reporter: Frances Roquemore (cal) (Entered: 10/19/1999) |
| 11/08/1999 | | Judgment Returned Executed as to Jeffery Alen Bell ; on November 1, 1999, deft. vol-surrendered to FCI Yazoo City, Yazoo City, MS (cal) (Entered: 11/08/1999) |
| 11/12/1999 | 47 | ORDER as to Jeffery Alen Bell, for Release of Registry Funds, $2,500.00. to Ms. Stacey Robinson ( Signed by Judge Hugh Lawson ) (cal) (Entered: 11/12/1999) |
| 11/16/1999 | | Return of VOLUNTARY SURRENDER BOND as to Jeffery Alen Bell ; Check #94442, Amount: $250.00, returned to Ms. Stacey Robinson. (cal) Modified on 11/16/1999 (Entered: 11/10/1999) |
| 02/18/2000 | 48 | TRANSCRIPT, Volume I, and Notification of Filing Transcript as to Jeffery Alen Bell in re: [44-1] appeal, [43-1] for date(s) of September 9, 1999, Sentencing Hrg. held before Judge Hugh Lawson in Macon, GA (Ct. Reporter: Frances B. Roquemore, Ct. Reporter) (cal) Modified on 02/29/2000 (Entered: 02/23/2000) |
| 03/06/2000 | | CERTIFICATE of READINESS of Record on Appeal forwarded to USCA as to Jeffery Alen Bell re: [44-1] appeal, [43-1] appeal (np) (Entered: 03/06/2000) |
| 04/27/2000 | 49 | MOTION by Jeffery Alen Bell to Vacate under 28 U.S.C. 2255 (7:00-cv-46-HL) (cal) (Entered: 05/01/2000) |
| | | |

| | | |
|---|---|---|
| 05/01/2000 | 50 | ORDER REFERRING MOTION to Mag. Judge G. M. Faircloth as to Jeffery Alen Bell : [49-1] motion to Vacate under 28 U.S.C. 2255 (7:00-cv-46-HL) (cal) (Entered: 05/01/2000) |
| 05/09/2000 | 51 | REPORT AND RECOMMENDATIONS of Mag. Judge G. M. Faircloth as to Jeffery Alen Bell Re: [49-1] motion to Vacate under 28 U.S.C. 2255 (7:00-cv-46-HL). It is recommended that defendant's motion be dismissed without prejudice ; Motion no longer referred Objections to R and R due by 5/26/00 (cal) Modified on 05/09/2000 (Entered: 05/09/2000) |
| 05/09/2000 | | **Certificate of Service (cal) (Entered: 05/09/2000) |
| 06/20/2000 | | Certified and transmitted record on appeal to U.S. Court of Appeals as to Jeffery Alen Bell : [44-1] appeal, [43-1] appeal consisting of 1 volume of pleadings; 1 transcript and 1 PSI (appeal transmittal dated 5/15/00 was inadvertently never sent to CCA-11) (np) Modified on 06/21/2000 (Entered: 06/21/2000) |
| 07/13/2000 | | **Terminated objection to R&R deadline as to Jeffery Alen Bell (FE) (Entered: 07/13/2000) |
| 04/17/2001 | 52 | JUDGMENT OF USCA (certified copy) as to Jeffery Alen Bell Re: [44-1] appeal, [43-1] appeal affirming judgment/order Jeffery Alen Bell (1) count(s) 1; mandate is made the judgment and order of the District Court (np) (Entered: 04/20/2001) |
| 04/17/2001 | | Record on Appeal as to Jeffery Alen Bell returned from U.S. Court of Appeals: [44-1] appeal, [43-1] appeal (np) (Entered: 04/20/2001) |
| 06/27/2001 | | Motion submission to Judge Lawson as to Jeffery Alen Bell : submitted [49-1] motion to Vacate under 28 U.S.C. 2255 (7:00-cv-46-HL) as to Jeffery Alen Bell (1) (cal) (Entered: 06/27/2001) |
| 06/29/2001 | 53 | ORDER as to Jeffery Alen Bell adopting [51-1] report and recommendations as to Jeffery Alen Bell (1), denying [49-1] motion to Vacate under 28 U.S.C. 2255 (7:00-cv-46-HL) as to Jeffery Alen Bell (1) ( Signed by Judge Hugh Lawson ) (cal) (Entered: 07/02/2001) |
| 07/02/2001 | | **Certificate of Service (cal) (Entered: 07/02/2001) |
| 10/17/2005 | 54 | Probation Jurisdiction Transferred to MD/Alabama as to Jeffery Alen Bell Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (cal, ) (Entered: 10/17/2005) |
| 10/17/2005 | 55 | TRANSMITTAL Letter addressed to MD/AL regarding transfer of jurisdiction of defendant Jeffery Alen Bell (cal, ) (Entered: 10/17/2005) |

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CRIM. NO. _7:98-cr-4-HL_ |
| | : | |
| | : | VIOLATIONS: |
| JEFFERY ALEN BELL | : | 21 U.S.C. § 841(a)(1) |
| | : | 18 U.S.C. § 2 |
| _____ | : | |

THE GRAND JURY CHARGES:

### COUNT ONE

That on or about February 19, 1998 in the Valdosta Division of the Middle District of

Georgia, and elsewhere, within the jurisdiction of this Court,

### JEFFERY ALEN BELL

aided and abetted by others both known and unknown to the Grand Jury did knowingly, unlawfully

and intentionally possess with intent to distribute a Schedule II controlled substance, to wit: a

mixture and substance containing a detectable amount of cocaine, i.e., cocaine base also known as

"Crack cocaine"; all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18,

United States Code, Section 2.

### A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

Presented By:

_____
RICHARD S. MOULTRIE JR.
ASSISTANT UNITED STATES ATTORNEY
MIDDLE DISTRICT OF GEORGIA

A true and certified copy.
This___10/17_,20_05_
GREGORY J. LEONARD, CLERK
J. S. Dist. Court, MD Ga.
By_____
DEPUTY CLERK

No. _____

# UNITED STATES DISTRICT COURT

MIDDLE _____ District of _____ GEORGIA

VALDOSTA _____ Division

---

## THE UNITED STATES OF AMERICA

*vs.*

JEFFERY ALEN BELL

---

# INDICTMENT

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

---

*A true bill.*

_____
Foreman

*Filed in open court this* 26th _____ day.

*of* March _____ A.D. 19 98

_____
Deputy _____ Clerk

*Bail, $* _____

FORM DBD-34
JUN. 85

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**



Filed at _10:30 A. M_
_May 3_, _1999_
_Diane R. Holmston_
~~DEPUTY CLERK, U. S. DISTRICT COURT~~
~~MIDDLE DISTRICT OF GEORGIA~~

UNITED STATES OF AMERICA :

                        :

        v.              :        **CRIMINAL NO: 7:98-CR-4(HL)**

                        :

                        :        **VIOLATIONS: 21 U.S.C. § 841(a)(1)**

JEFFERY A. BELL          :

_____:

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and the defendant, JEFFERY A. BELL, and defendant's undersigned attorney, as follows:

(1)

JEFFERY A. BELL, acknowledges that he has reviewed and discussed the Indictment against him in this matter with his attorney and his attorney has explained to him his understanding of the government's evidence.

(2)

JEFFERY A. BELL, being fully cognizant of his rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (3) below, agrees pursuant to Rule 11(e), Federal Rules of Criminal Procedure, as follows:

(A) The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Indictment which charges defendant with Possession with Intent to Distribute a controlled

1

A true and certified copy.
This _10/17_ ,200_5_
GREGORY J. LEONARD, CLERK
U. S. Dist. Court, MD Ga.
By _____
DEPUTY CLERK



substance, Schedule II, i.e. cocaine base, also known as "crack" cocaine; in violation of Title 21, United States code, Section 841(a)(1).

(B) That defendant fully understands his plea of guilty as set forth in subparagraph (2)(A), above, will subject defendant to a minimum mandatory sentence of ten (10) years imprisonment up to a maximum sentence of life imprisonment, a maximum fine of $4,000,000, or both, and a term of supervised release of up to five (5) years. JEFFERY A. BELL, further acknowledges that the court is required to impose a mandatory assessment of $100.

(C) The defendant acknowledges and understands that the Court is not bound by an estimate of the probable sentencing range that he may have received from his counsel, the government, or the Probation Office.

(D) The defendant understands fully and has discussed with his attorney that the Court will not be able to determine the appropriate guideline sentence until after a pre-sentence investigative report has been completed. The defendant understands and has discussed with his attorney that the defendant will have an opportunity to review the pre-sentence investigative report and challenge any facts reported therein. The defendant understands and has discussed with his attorney that any objections or challenges by the defendant or his attorney to the Pre-Sentence Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E) The defendant understands and has discussed with his attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

2

(F) The defendant agrees to provide a check for the mandatory assessment fee at the time of sentencing.

(G) Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed. The reason for such waiver is so that at sentencing, the Court will have the benefit of all relevant information.

(3)

In exchange for the consideration set forth in paragraph (2) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A) The United States Attorney will accept the plea of guilty by JEFFERY A. BELL, as provided in paragraph (2)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of the defendant's guilty plea, which might have been brought in this district against the defendant.

(B) The United States Attorney agrees to make the extent and value, if any, of the defendant's cooperation known to the court by communicating the same to the United States Probation Office prior to sentencing. If the defendant provides substantial assistance in the investigation or prosecution of others, the United States Attorney agrees to file a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), prior to the time of sentencing informing the court of the defendant's substantial assistance. Whether the defendant has provided such substantial assistance is a matter to be determined in the sole discretion of the United States Attorney for the Middle District of Georgia. Should the defendant be sentenced prior to the completion of the defendant's cooperation, and, in

3

the judgment of the United States Attorney his cooperation meets the criteria for an adjustment under Rule 35 of the Rules of Criminal Procedure, the United States Attorney agrees to file a motion for reduction of sentence pursuant to Rule 35. The defendant understands that it will be entirely in the court's discretion as to what, if any, departure from the guidelines the defendant will receive for his assistance.

(C) The United States Attorney will not use any information provided by the defendant against the defendant in any other criminal proceedings or use such information to determine his guideline sentencing range pursuant to U.S.S.G. § 1B1.8, except as authorized by paragraph (5).

(D) If the defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the court that the defendant receive an appropriate downward departure for such acceptance. It is entirely within the court's discretion whether or not the defendant would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that the defendant has not accepted responsibility.

(4)

Nothing herein limits the sentencing discretion of the Court.

(5)

The United States and the defendant hereby agree that any breach of this agreement by JEFFERY A. BELL, occasioned by withholding information, giving of false information, perjury, or failure to testify in any judicial proceeding in connection with the individuals, matters, and transactions referred to in the Indictment, as outlined in paragraph (3)(B), would: (a) not relieve the

4

defendant of his plea of guilty; (b) permit the government to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this indictment; (c) permit the government to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and (d) permit the government to utilize against the defendant in any subsequent judicial proceeding any and all statements made by the defendant. If a legitimate issue arises as to whether or not there has been a breach of this agreement, the issue shall be resolved by the United States District Court for the Middle District of Georgia. The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence. The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the court's discretion.

(6)

This agreement constitutes the entire agreement between the defendant, JEFFERY A. BELL, and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, JEFFERY A. BELL, affirms that no person has, directly or indirectly, threatened or coerced him to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

5

(7)

## STIPULATION OF FACTS

As an aid to the court, the United States Attorney and the defendant, by and through his counsel, enter into the following Stipulation of Facts. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the court. Under U.S.S.G. Policy Statement Section 6B1.4(d), the court may accept this stipulation as written or in its discretion with the aid of the pre-sentence report determine the facts relevant to sentencing. The defendant and his counsel fully understand that in making its findings of fact for the purpose of sentencing, the court applies the "preponderance of evidence" standard. The defendant understands and has discussed with his attorney that if the court rejects this stipulation as written and determines the facts independently of the stipulation, that this action is not grounds for withdrawal of the guilty plea. This stipulation is merely an aid to the court and the court is not bound thereby.

Subject to the above paragraph, the United States Attorney and the defendant stipulate and agree that should this case go to trial before a jury, the following facts would be proved by the government beyond a reasonable doubt:

That on or about February 19, 1998, the defendant was a passenger in a car driven by Stacy Robinson. Deputy Hightower stopped the car for speeding 81 mph in a 70 mph zone. The deputy could smell an odor which he recognized as marihuana as he approached the car window.

The defendant and the passenger said his name was Jeffery Mims. When asked about the marihuana smell, the driver became very anxious. Deputy Tarver arrived with a K-9 Unit and was asked to walk the dog around the car. The K-9 alerted and Deputy Hightower began searching the

6

car.  A brown paper bag containing "crack" cocaine was found under a plastic cover near the passenger side.

The defendant admitted that his real name was JEFFERY A. BELL, and he also told the officers that he was the owner of the 125 grams of "crack" cocaine that they found in the car.  The driver also stated that the defendant had been smoking marihuana in the car earlier in the day.

The drugs were taken to the DEA Crime Lab in Miami, Florida where it tested positive for "crack" cocaine or cocaine base.

The parties acknowledge that this stipulation does not limit the court's discretion in computing the guideline range pursuant to U.S.S.G. Section 1B1.3, Relevant Conduct.

(8)

## ACCEPTANCE OF PLEA AGREEMENT

The defendant understands and has fully discussed with his attorney that this agreement shall become effective only upon the court's acceptance of this agreement and the court's acceptance of the plea of guilty by JEFFERY A. BELL.

SO AGREED, this 3 day of May , 1999.

> BEVERLY B. MARTIN
> UNITED STATES ATTORNEY
>
> BY  DONALD L. JOHSTONO
> ASSISTANT UNITED STATES ATTORNEY
> GEORGIA BAR NO. 397015

7

I, JEFFERY A. BELL, have read this agreement and have had this agreement explained to me by my attorney, JASON HOFFMAN. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

JEFFERY A. BELL
DEFENDANT

I, JASON HOFFMAN, attorney for the defendant, JEFFERY A. BELL, have explained the Indictment and the government's evidence received through discovery and my investigation of the charge to JEFFERY A. BELL. I believe the defendant understands the charge against him and the evidence that would be presented against him at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to JEFFERY A. BELL. To the best of my knowledge and belief, JEFFERY A. BELL, understands this agreement.

JASON HOFFMAN
ATTORNEY FOR THE DEFENDANT

8

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

UNITED STATES OF AMERICA                  :
                                          :
                v.                        : CRIMINAL NO. 7:98-CR-4(HL)
                                          :
JEFFERY A. BELL                           :
                                          :

10:25 A. M
May 3, 1999
Diane K. Holmston
MIDDLE DISTRICT OF GEORGIA

### CHANGE OF PLEA

I, **JEFFERY A. BELL,** having been advised of my Constitutional rights, and having had

the charges herein stated to me, hereby withdraw my plea of not guilty previously entered on the

14th day of April, 1998, in the above stated case, and now plead guilty to **Count One** in the

indictment in said case in open court this _3rd_ day of May, 1999.

_____
JEFFERY A. BELL
DEFENDANT

_____
JASON HOFFMAN
ATTORNEY FOR DEFENDANT

_____
DONALD L. JOHSTONO
ASSISTANT UNITED STATES ATTORNEY

A true and certified copy
This_____ 10/17 20 0 5
GREGORY J. LEONARD, CLERK
U. S. Dist. Court, MD Ga.
By:_____
DEPUTY CLERK

AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Ca...

# United States District Court

## Middle District of Georgia

UNITED STATES OF AMERICA
v.

**Jeffery Alen Bell**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:   7:98CR00004-001

**Jason Hoffman**

Defendant's Attorney

## THE DEFENDANT:

☒ pleaded guilty to count(s)   **1**

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. ' 841 (a)(1) | Possession w/intent to distribute cocaine base | 02/19/1998 | 1 |

The defendant is sentenced as provided in pages 2 through   **6**   of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.: **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** | **09/09/1999** |
| Defendant's Date of Birth: **12/19/1971** | Date of Imposition of Judgment |
| Defendant's USM No.: **87115-020** | |
| Defendant's Residence Address: | |
| **4206 Strathmore Dr.** | *Signature of Judicial Officer* |
| **Montgomery**                 **AL** | **Hugh Lawson, Judge** |
| | **U.S. District Court** |
| Defendant's Mailing Address: | Name & Title of Judicial Officer |
| **4206 Strathmore Dr.** | |
| **Montgomery**                 **AL** | 9-17-99 |
| | Date |

a true and certified copy
This _10/17_ 20 _05_
GREGORY J. LEONARD, CLERK
U. S. Dist Court, MD Ga
By_____
DEPUTY CLERK

DEFENDANT:      **Jeffery Alen Bell**

CASE NUMBER:    **7:98CR00004-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ___78___ ___month(s)___ .

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m. on _____ .

    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☒ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT:    **Jeffery Alen Bell**
CASE NUMBER:    **7:98CR00004-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    5    year(s)    .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

**See Special Conditions of Supervision - Sheet    3.01**

# STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or    other acceptable reasons;
6)  the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:     **Jeffery Alen Bell**
CASE NUMBER:   **7:98CR00004-001**

## SPECIAL CONDITIONS OF SUPERVISION

**You shall participate in a program approved by the U.S. Probation Office for substance abuse testing, and if necessary, treatment of alcohol/drug addiction or dependency.**

DEFENDANT:        **Jeffery Alen Bell**
CASE NUMBER:      **7:98CR00004-001**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $        100.00 | $ | $ |

☐  If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .     $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐  The interest requirement is waived.

　　☐  The interest requirement is modified as follows:

# RESTITUTION

☐  The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐  The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| **Name of Payee** | ** **Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| **Totals:** | $ | $ | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

DEFENDANT:       **Jeffery Alen Bell**
CASE NUMBER:    **7:98CR00004-001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  in full immediately; or

B  ☐  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than _____ ; or

D  ☐  in installments to commence _____ day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ *(e.g. equal, weekly, monthly, quarterly)* installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC  20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.  If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

DEFENDANT: **Jeffery Alen Bell**
CASE NUMBER: **7:98CR00004-001**

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

## OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: _____29_____

Criminal History Category: _____**III**_____

Imprisonment Range: __120__ to __135__ months

Supervised Release Range: ____5____ to __5__ years

Fine Range: $ __15,000.00__ to $ __4,000,000.00__

☐ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☒ The sentence departs from the guideline range:

☒ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

**Court departs downward 3 levels to an offense level of 26 and a criminal history category of III resulting in a sentencing range of 78-97 months.**

ENTERED ON DOCKET
9/20 , 19 99
Gregory L. Leonard, Clerk
by _____
Deputy Clerk